IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN BARRETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-253-SDJ-KPJ |
| | § | |
| **SYNOVUS BANK,** *doing business as* **FIRST PROGRESS,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Synovus Bank d/b/a First Progress's ("Defendant") Motion to Dismiss or, Alternatively, Compel Arbitration (the "Motion to Dismiss") (Dkt. 8), and Plaintiff John Barrett's ("Plaintiff") Motion to Compel Arbitration (the "Motion to Compel Arbitration") (Dkt. 16). Upon consideration, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of standing.

**I.    BACKGROUND**

On March 29, 2022, Plaintiff, proceeding *pro se*, filed this lawsuit against Defendant asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. *See* Dkt. 1. Plaintiff asserts that Dwayne Johnson ("Mr. Johnson") "assigned 100 percent of his interest in the claims asserted to Plaintiff," *see id.* at 2,[1] and includes Exhibit B-1 "Assignment of Claim for Damages," a contract allegedly signed by Mr. Johnson assigning several claims including the

---

[1] The Court refers to CM/ECF pagination rather than internal pagination for all citations.

FCRA claims asserted by Plaintiff in the present action, *see* Dkt. 1-1. Plaintiff asserts on or about December 6, 2021, Mr. Johnson applied for a car loan and was denied. *See* Dkt. 1 at 3. Plaintiff alleges, "Mr. Johnson obtained a copy of his credit report and saw incomplete and inaccurate and false information" because Defendant "furnished one (1) trade line[] with a purported credit limit[] of (1) 352.00 and a 0 balance." *Id.* Plaintiff alleges "[o]n or about October 19, 2021, Mr. Johnson sent a dispute letter to Equifax disputing the accuracy and completeness of the information that Defendant to the respective consumer reporting agencies." *Id.* at 4. Plaintiff alleges "Equifax, Experian, Transunion sent a dispute communicating to Defendant providing all relevant information that Mr. Johnson was disputing and seeking account level documentation on all disputed accounts." *Id.* Plaintiff alleges:

> As a direct and proximate result of Defendant['s] negligent and willful actions and inactions, Mr. Johnson suffered damages, including *but not limited to*, out of pocket costs, mental and emotional distress, credit denials, loss of credit opportunity, and being granted credit with a much higher interest rate due to the subject inaccurate, incomplete, and false information furnished by Defendant to consumer reporting agencies allegedly concerning Mr. Johnson.

*Id.* Plaintiff attaches Exhibit C-3 "MASTERCARD First Progress Secured Credit Card IMPORTANT DISCLOSURES" ("Credit Card Disclosures") (Dkt. 1-2). In Exhibit C-3, the arbitration clause states as follows:

> **ARBITRATION.** By applying for or obtaining a Secured MasterCard issued by Synovus Bank of Columbus, Georgia, you agree that any disputes of any type with our representatives or us will be resolved exclusively by binding arbitration governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the substantive law of the State of Georgia (without applying its choice-of-law rules). This means you and we are waiving the right to a jury trial, to discovery and other procedures available in court, and to be a class representative or participate in a class action lawsuit. You and we agree that any arbitration will be limited to the Individual dispute between us and neither you nor we shall be entitled to join or consolidate claims in arbitration involving other cardholders or other amounts, or arbitrate any claim as a representative or member of a class or in a private attorney general capacity. You may opt-out of arbitration by following the procedure described in the full text of the arbitration clause in the Cardholder Agreement without affecting your application or status as a cardholder if a credit card is issued.

*Id.* at 3.

On May 20, 2022, Defendant filed the Motion to Dismiss (Dkt. 8), wherein Defendant argues pursuant to Rule 12(b)(6) that Plaintiff cannot state a claim because he is engaged in the unauthorized practice of law by acting on behalf of Mr. Johnson, the purported assignor. *See* Dkt. 8 at 3–4. Defendant argues, in the alternative, Plaintiff's claims should be dismissed because the Credit Card Disclosures "are valid and govern the relationship between Mr. Johnson and [Defendant]" and, "through his purported assignment from Mr. Johnson, Plaintiff has stepped into Mr. Johnson's shoes and can thus only pursue the claims, demands, and causes of action that Mr. Johnson himself would be permitted to pursue." *Id.* at 5. On June 8, 2022, Plaintiff filed his response (Dkt. 12) to the Motion to Dismiss, arguing he has standing to assert a claim as the assignee of Mr. Johnson's claims. *See id.* at 3–4. Further, Plaintiff argues that "[a]s stated by Plaintiff in the in[tro]duction there is no valid contract presented by the Defendant, also a right granted by the Creator (the Source of life), protected by the Constitution for the United States of America 1789 . . . incorporated by reference." *See id.* at 5. On June 16, 2022, Defendant filed its reply (Dkt. 13), asserting Plaintiff is engaged in the unauthorized practice of law and contending, "Plaintiff agreed to arbitrate with a mutually agreeable arbitrator . . . should the Court disagree with the analysis above and in [the Motion to Dismiss], the Court should, at a minimum, order the parties to arbitrate . . . ." *Id.* at 4. On June 29, 2022, Plaintiff filed his sur-reply (Dkt. 15), asserting he has standing as an assignee and appears to cite *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) in support of his argument that the assignment was valid. *See* Dkt. 15 at 4.

The following day, on June 30, 2022, Plaintiff filed the Motion to Compel Arbitration (Dkt. 16), arguing the Court should compel arbitration and stay proceedings, as there is a binding arbitration provision. *See id.* Defendant filed its response (Dkt. 17), arguing the Court should first

3

consider the Motion to Dismiss and "decide whether Plaintiff can even bring these claims in the first place." *See id.* at 1. Defendant cites to two recent cases regarding the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., *James v. Puget Sound Collections,* No. 22-5237, 2022 WL 2357050 (W.D. Wash. June 30, 2022) and *Young v. Portfolio Recovery Assocs., LLC*, No. 6:22-cv-81, 2022 WL 2163821, at *2 (E.D. Tex. May 20, 2022), *R. & R. adopted*, 2022 WL 2161027 (E.D. Tex. June 15, 2022), which held the respective plaintiffs, as assignees, could not bring their claims because they were not the person injured by the alleged violations. *See* Dkt. 17 at 2. Plaintiff filed his reply (Dkt. 18) citing to the Constitution, the Bill of Rights, and to "Texas Stat. Tit. 7 Subchapter A chapter 171.001, Arbitration Agreement Valid . . ." in support of compelling arbitration. Dkt. 18 at 4. Defendant filed its sur-reply (Dkt. 19), reasserting that Plaintiff's actions constitute the unauthorized practice of law and Plaintiff has no standing as an uninjured party. *See id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(h)(3) provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Thus, "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing FED. R. CIV. P. 12(h)(3)). Pursuant to its lack of subject-matter jurisdiction, Courts may therefore dismiss an action even if the defendant does not move for dismissal. *See Redmond v. Wells Fargo Bank N.A.*, No. 4:21-mc-5, 2022 WL 3142343, at *9 (E.D. Tex. Aug. 5, 2022) (collecting cases); *see also May v. Tex. by Cascos*, No. 5:16-cv-238, 2017 WL 7513550, at *5 (N.D. Tex. Nov. 27, 2017) ("The court therefore '[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" (quoting

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985))). If the court finds the plaintiff does not have standing pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, it must dismiss the plaintiff's claims without prejudice. *See Staten v. Harrison Cnty.*, No. 20-60329, 2021 WL 5766576, at *2 (5th Cir. Dec. 3, 2021) (per curiam) (citing *Griener v. United States*, 900 F.3d 700, 705–06 (5th Cir. 2018)). The court should consider whether it has subject-matter jurisdiction before addressing any attack on the merits so as to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

### III.   ANALYSIS

"Article III of the United States Constitution provides that federal courts have the power to decide only actual cases or controversies." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012) (citing U.S. CONST. art. III, § 2). To establish standing, three elements are necessary: (1) "the plaintiff must have suffered an 'injury in fact' —an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted) (cleaned up). In order to satisfy the case or controversy requirement, Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Young v. Portfolio Recovery Assocs., LLC*, No. 6:22-cv-81, 2022 WL 2163821, at *2

(E.D. Tex. May 20, 2022) ("The party invoking federal jurisdiction bears the burden of establishing the requisite standing requirements are satisfied." (citing *Lujan*, 504 U.S. at 561)). Injury in fact is the "first and foremost of standing's three elements." *Spokeo, Inc.*, 578 U.S. at 338 (citation omitted).

Plaintiff does not allege an injury in fact to himself caused by Defendant, but rather alleges Mr. Johnson suffered an injury in fact due to Defendant's alleged actions. *See* Dkt. 1. Therefore, the Court must first determine whether the alleged assignment by Mr. Johnson of his interest in the FCRA claims to Plaintiff constitutes a valid assignment. *See Tex. Life Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Ent. Co.*, 105 F.3d 210, 216 (5th Cir. 1997) ("[T]here is no valid assignment and, thus, no derivative standing."). The FCRA does not address the assignability of claims. Therefore, to resolve whether an FCRA claim is assignable, the Court must "either adopt a federal common-law rule of decision or incorporate state law." *Dotson v. Penn. Higher Educ. Assistance Agency*, No. CIV-21-1203, 2022 WL 1630908, at *1 (W.D. Okla. May 23, 2022) (citing *Ellis v. Liberty Life Assurance Co. of Bos.*, 958 F.3d 1271, 1281 (10th Cir. 2020)).

Because the Court's jurisdiction in the present action is rooted in federal question jurisdiction, the Court applies federal common law choice of law principles. *Jimenez v. Sun Life Assurance Co. of Can.*, 486 F. App'x 398, 406 (5th Cir. 2012) (collecting cases). "The federal choice-of-law analysis would look to the UCC and the Second Restatement of Conflicts of Law to determine which state has the 'most significant relationship' to the case." *Fishback Nursery, Inc., v. PNC Bank, Nat'l Assoc.*, 920 F.3d 932, 936 (5th Cir. 2019) (citing *In re Mirant Co.*, 675 F.3d 530, 536 (5th Cir. 2012)). Section 188 of the Restatement provides: "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties. . . ."

6

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (AM. LAW INST. 1969). Section 188 of the Restatement further states that courts employing the most significant relationship test should take into account: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil[e], residence, nationality, place of incorporation and place of business of the parties." *Id.* In the present case, Texas—the place of assignment, its performance, and where Plaintiff resides—has the most significant relationship to the issue of whether the alleged assignment to Plaintiff was valid. *See Dotson*, 2022 WL 1630908, at *2.

In *State Farm Fire and Cas. Co. v. Gandy*, the Supreme Court of Texas explained the common law's rejection of the assignment of causes of actions had largely collapsed and, thus, there is only a limited number of causes of action that are not assignable. 925 S.W.2d 696, 706 (Tex. 1996). However, the Supreme Court of Texas also counseled that "the assignability of *most* claims does not mean *all* are assignable; exceptions may be required due to equity and public policy." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship.*, 146 S.W.3d 79, 87 (Tex. 2004) (internal citation omitted). In *PPG Indus., Inc.*, the Texas Supreme Court held a claim under the Deceptive Trade Practices Act ("DTPA") was not assignable because the DTPA had "a personal aspect that cannot be squared with a rule that allows assignment of DTPA claims as if they were merely another piece of property." *Id.* at 91; *see also id.* at 84 ("While the DTPA allows the attorney general to bring consumer protection actions, one of the statute's primary purposes is to encourage *consumers themselves* to file their *own* complaints."). Thus, the Texas Supreme Court found DTPA claims were not assignable due to the DTPA's "primary purpose, the personal and punitive nature of both DTPA claims and DTPA damages, and the risks to the adversarial process . . . ." *Id.* at 92.

7

The FCRA's primary purpose is to "protect consumer privacy." *In re Croft*, 500 B.R. 823, 843 (Bankr. W.D. Tex. 2013) (citing 15 U.S.C. § 1681). Negligent or willful violations of the FCRA may result in liability to the consumer for actual damages and attorney's fees, and willful violations of any provision of the FCRA may result in punitive damages. *See id.* Thus, like the DTPA, the FCRA encourages consumers to file their own complaints to ensure consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681, and these claims do not appear to be "merely another piece of property," *PPG Indus., Inc.*, 146 S.W.3d at 91. Therefore, the Court finds FCRA claims are not assignable.

The Court is not aware of any authority that supports the assignment of FCRA claims to Plaintiff. On the contrary, a number of courts have recently addressed the issue of assignment of FCRA and FDCPA claims, and all have found assignment of such claims to be invalid. *See Dotson*, 2022 WL 1630908, at *2 (finding assignment of FCRA claims to be invalid after incorporating state law on assignment and, therefore, dismissing claims without prejudice due to lack of subject-matter jurisdiction); *Young*, 2022 WL 2163821, at *2 (finding no subject-matter jurisdiction for FDCPA claim because the "[p]laintiff has failed to allege that he can stand in the shoes of the [assignor] . . . ."); *Jones v. Credit Control Co.*, No. 4:22cv18, 2022 WL 3924225, at *4 (E.D. Va. Aug. 29, 2022) (finding assignment of FDCPA claim was invalid after incorporating state law on assignment and, therefore, the plaintiff lacked standing to bring his FDCPA claim); *James v. Puget Sound Collections*, No. 22-5237, 2022 WL 2357050, at *2–3 (W.D. Wash. June 30, 2022) (finding assignment of FDCPA claim was invalid after incorporating state law on assignment).

Plaintiff's citation to *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) is unavailing. *Sprint Commc'ns Co., L.P.*, involved violations of the federal Communications

8

Act—not the FCRA. *See id.* The FCRA imposes liability for noncompliance and penalties payable in respect to "that consumer," i.e., the consumer who suffers the injury in fact. *See* 15 U.S.C. § 1681(n)–(o). The validity of assignment was not at issue in *Sprint Commc'ns Co., L.P.* Moreover, the FCRA sets forth limiting language that is not present in the federal Communications Act, imposing liability to "that consumer" that is injured by noncompliance. 15 U.S.C. § 1681(n)–(o). In *James*, the court found *Sprint Commc'ns Co., L.P.*, did not apply to assignment of FDCPA claims because the FDCPA imposed liability as to "such person." 2022 WL 2357050, at *2. The FCRA, like the FDCPA, imposes language limiting liability as to the consumers injured and, thus, cannot be construed to allow for assignment.

Furthermore, as the assignment is invalid and Plaintiff is not a licensed attorney, Plaintiff cannot represent Mr. Johnson, as to do so would constitute the unauthorized practice of law. *See Young*, 2022 WL 2163821, at *2 (citing *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, no pet.)).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of standing.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE